UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXWELL C JONES,

        Plaintiff,                       Civil Action No. 11-11459

     v.                             District Judge Nancy G. Edmunds
                                            Magistrate Judge Laurie J. Michelson
RAYMOND J WOJTOWICZ
Wane County Treasurer,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT'S MOTION TO DISMISS [4]**

Plaintiff Maxwell Jones, who had his property foreclosed upon for unpaid taxes, brought this case against Defendant Raymond Wojtowicz (apparently in Wojtowicz's official capacity as the Wayne County Treasurer) asserting that Defendant lacked "jurisdiction" to tax Plaintiff's property. (Dkt. 1, Compl. at 2.) Defendant filed a Motion to Dismiss (Dkt. 4), which has been referred to this Court for Report and Recommendation (Dkt. 5). Upon a review of the Complaint, Defendant's Motion to Dismiss, and Plaintiff's Response, this Court concludes that oral argument will not significantly aid in the resolution of the motion. *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, this Court RECOMMENDS that Defendant's Motion to Dismiss (Dkt. 4) be GRANTED and that Plaintiff's Complaint be DISMISSED.

**I. BACKGROUND**

It appears that Plaintiff held title to property in Wayne County, Michigan ("Property") but did not pay taxes on the Property. (*See* Compl. at 4; Dkt. 4, Def.'s Mot. to Dismiss, Ex. A, Wayne

County Circuit Court Judgment of Foreclosure.)[1] The Wayne County Treasurer filed a Petition of Foreclosure because of the unpaid taxes on June 13, 2010, and, following hearings on February 24 and March 24, 2011, the Wayne County Circuit Court issued a "Judgment of Foreclosure" on April 8, 2011. (Def.'s Mot. to Dismiss, Ex. A.) The state-court judgment provides that "[f]ee simple title to each parcel foreclosed upon in the judgment will vest absolutely in the Petitioner, without any further rights of redemption, if all the forfeited delinquent taxes, interest, penalties and fees foreclosed against the parcel are not paid to the County Treasurer within 21 days of the entry of this judgment." (*Id.*) Two days before the state-court judgment issued, on April 6, 2011, Plaintiff filed suit in this Court asking the Court to quiet title in the Property and to award Plaintiff $100,000 as "just compensation." (Dkt. 1.)

On April 28, 2011, Defendant filed his Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(6), or, in the alternative, to strike Plaintiff's Complaint under Fed. R. Civ. P. 12(f). (Dkt. 4.) On May 9, 2011, Plaintiff filed a "Motion to Amend Summons and Complaint" (Dkt. 6), which in substance appeared to the Court to be a response to Defendant's Motion. Accordingly, this Court issued an Order notifying Plaintiff that it would treat his "Motion to Amend" as a response, and Defendant's "Response to the Motion to Amend" as a reply. (Dkt. 8.) Accordingly, Defendant's Motion to Dismiss has been fully briefed and is ready for disposition.

---

[1] The Court is cognizant of the procedural posture of this case but notes that it may consider documents of public record, such as a state-court judgment, without converting Defendant's Motion to Dismiss into one for summary judgment. *See Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990))).

## II. ANALYSIS

Plaintiff's argument appears to be that, absent a contract between Plaintiff and Wayne County (or the Wayne County Treasurer), "Mr. Wojtowicz doesn't [have] subject matter [j]urisdiction to collect [t]axes against my property nor the [Wayne County] Circuit Court to enforce collections of [t]axes." (*See* Compl. at 2.) Plaintiff asserts that he has no such contract, and thus, the Wayne County Treasurer lacked power to collect taxes from him. (*See id.*) Further, Plaintiff points out that the Constitution provides, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts," U.S. Const. art. I, § 10, cl. 1, apparently suggesting that he has freedom to not enter a contract for the collection of taxes. While subject matter jurisdiction is relevant here, it is this Court's jurisdiction that is in question, not the Treasurer's.

### A.  This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint

Pursuant to the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Importantly, the Tax Injunction Act is a limitation on the subject matter jurisdiction of the federal courts: where there are adequate state-court remedies, the Act "limit[s] drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) (quotation marks and citation omitted). The Sixth Circuit has found that the state-court "remedy contemplated by [the Tax Injunction Act] merely requires that the state provide certain minimal procedural protections against illegal tax collection." *Hedgepeth v. Tennessee*, 215 F.3d 608, 615 (6th Cir. 2000). Further, "'[t]he state remedy need not be the best of all possible remedies,'" and "'the likelihood of plaintiff's success in the state court is not a factor to be

3

considered when determining whether the jurisdictional prohibition of § 1341 applies.'" *Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir. 2007) (quoting *Alnoa G. Corp. v. City of Houston, Tex.*, 563 F.2d 769, 772 (5th Cir. 1977); *Cities Serv. Gas Co. v. Oklahoma Tax Comm'n*, 656 F.2d 584, 586 (10th Cir. 1981)).

Regarding the scope of prohibited federal court action under the Tax Injunction Act, while the Act only expressly prohibits federal injunctive relief, "the Supreme Court reads the comity principles underlying the [Act] to prohibit federal district-court jurisdiction even over actions for damages related to state taxation." *Brown Bark I, L.P. v. Traverse City Light & Power Dept.*, 736 F. Supp. 2d 1099, 1108 (W.D. Mich. 2010) (citing *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993)). Further, "consistent with the language of the Act, the Supreme Court has construed it to apply 'only in cases . . . in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes.'" *BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 501-02 (6th Cir. 2008) (emphasis removed) (quoting *Hibbs v. Winn*, 542 U.S. 88, 107 (2004)); *see, e.g.*, *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981) (finding Tax Injunction Act applicable to suit seeking an injunction to prevent county treasurer "from applying for judgment and order of sale against her property, and from selling it" because of unpaid property taxes).

Here, Plaintiff asserts that Defendant did not have "jurisdiction," i.e., power or authority, to impose and collect property taxes on the Property and that the Wayne County Circuit Court lacked authority to enforce the Treasurer's tax collection. (*See* Compl. at 2; Dkt. 6 at 3.) The Court views this as either seeking an exemption to the payment of taxes, or a direct challenge to the state-mandated consequences for refusing to pay taxes. In either case, the Tax Injunction Act is implicated.

4

Further, under the Tax Injunction Act Plaintiff "bears the burden of pleading and proving the inadequacy of state judicial remedies." *Heldt v. State of Michigan Dept. of Treasury*, No. 06-10098, 2006 WL 1547502, at *3 (E.D. Mich. May 31, 2006). Here, Plaintiff has not argued that his state-court remedies fall short of the minimal procedural protections contemplated by the Act. *See Williams v. County of Oakland*, No. 11-CV-12601, 2011 WL 3583286, at *2 (E.D. Mich. Aug. 12, 2011) (denying TRO seeking stay of eviction proceedings where property was lost in tax-foreclosure; finding no likelihood of success where Plaintiff did "not argue[] that Michigan's law does not provide adequate remedy to challenge the assessment or collection of real property taxes."); *Anderson v. County of Wayne*, No. 10-13708, 2011 WL 2470467, at *7 (E.D. Mich. June 20, 2011) ("Plaintiffs [who had their properties foreclosed upon for delinquent unpaid property taxes] had several options. They could have (1) paid their delinquent taxes; (2) participated in the public auctions; or (3) challenged the foreclosure ruling in state court (which at least some Plaintiffs did). Because such remedies were available under Michigan state law, the [Tax Injunction Act] bars Plaintiffs' attempt to bring this action in federal court.").

Accordingly, the Court recommends dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.[2]

---

[2] Plaintiff may also be arguing that the taxes could not be collected because tax revenue must be collected in the form of "Gold and Silver Coin." (Compl. at 2.) This is still a challenge to the County's authority to tax, however, and therefore implicates the Tax Injunction Act. In any event, such an argument lacks merit. *Cf. Carrington v. Federal Nat. Mortg. Assoc.*, No. 05-CV-73429, 2005 WL 3216226, at *2 (E.D. Mich. Nov. 29, 2005) ("Plaintiff is protesting the payment of his debt based on allegations that the nation's banking system created money by its ledger entries and that the money needed to be paid in gold and silver coins. This contention is patently meritless and has been universally rejected by numerous federal courts.").

**B. Alternatively, Res Judicata Bars Plaintiff's Claims**[3]

This Court alternatively recommends dismissal under the principles of claim preclusion.

Federal courts are required to give a state-court judgment the same preclusive effect it would have under the laws of the state that rendered the decision. *See* 28 U.S.C. § 1738. Under Michigan law, claim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State of Michigan*, 470 Mich. 105, 680 N.W.2d 386, 396 (Mich. 2004). The Michigan Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 680 N.W.2d at 396 (citing *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82 (1999)).

Plaintiff has not argued that he could not bring the claims he now asserts – that the County lacked jurisdiction to tax his property – in the Wayne County Circuit Court tax-foreclosure proceedings brought by the Wayne County Treasurer. And Defendant asserts that "the claims presented [here] have been ruled on by the Wayne County Circuit Court . . . granting the Wayne County Treasurer a judgment of foreclosure. . . . This case involves the same facts that were

---

[3]Defendant also asserts that the *Rooker-Feldman* doctrine strips this Court of subject matter jurisdiction. That doctrine is inapplicable here: the state-court judgment was entered *after* Plaintiff filed this federal suit. *See Hunter v. Hamilton County Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011) ("The *Rooker-Feldman* doctrine applies narrowly to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). Accordingly, as far as an alternative basis for dismissal, the Court turns to Defendant's Rule 12(b)(6) arguments.

involved in determination of the state court action." (Def.'s Mot. Summ. J. at 7.) In fact, Plaintiff and the Treasurer apparently filed cross motions for summary disposition in that proceeding, and the Circuit Court heard oral argument, found that Plaintiff's arguments were without merit, and granted the Treasurer's motion. (Dkt. 7-2, Wayne County Circuit Court Order Granting Treasurer's Mot. for Summ. Disp.) The reasoning from an analogous case therefore applies here:

> The claims presented in Plaintiffs' Complaint, as Plaintiffs attested to in their filing of the instant Complaint when they disclosed that [a] Wayne County Circuit Case . . . granting the Wayne County Treasurer a judgment of foreclosure was a companion to the instant action, involves the same facts that were necessary to a determination of the state court action. Plaintiffs want to relitigate in this Court the issue of whether they should be permitted to avoid tax foreclosure by making partial payments on their tax liabilities or whether they should be given more time to redeem their properties. They clearly had an opportunity, and presumably did, make these arguments in state court. . . . Plaintiffs are therefore barred by principles of res judicata from making these claims in this Court.

*Anderson v. County of Wayne*, No. 10-13708, 2011 WL 2470467, at *6 (E.D. Mich. June 20, 2011).

Further, the fact that the state-court "Judgment of Foreclosure" (April 8, 2011) and order granting the Treasurer's motion for summary disposition (April 29, 2011) were entered after this suit was filed (April 6, 2011) does not make res judicata inapplicable. The fact that state and federal actions "were, at one point, proceeding simultaneously does not mean that [the federal] action is not 'subsequent' to the state court action [for purposes of res judicata]. Instead, '[w]hen such actions proceed simultaneously . . . the first judgment entered must be regarded as res judicata for issues in the remaining case.'" *Hilman v. Am. Axle & Mfg., Inc.*, No. 05-cv-73162, 2006 WL 452420, at *3 (E.D. Mich. 2006) (citing *Lesher v. Lavrich*, 784 F.2d 193, 196 (6th Cir. 1986)).

Accordingly, this Court alternatively recommends dismissal on the ground that Plaintiff's Complaint is barred by the doctrine of claim preclusion.

**III. RECOMMENDATION AND CONCLUSION**

For the foregoing reasons, this Court RECOMMENDS that Defendant's Motion to Dismiss (Dkt. 4) be GRANTED and that Plaintiff's Complaint be DISMISSED.

**IV. FILING OBJECTIONS TO THIS REPORT**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                      s/Laurie J. Michelson
                                                      LAURIE J. MICHELSON
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: September 2, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 2, 2011.

                                                s/J. Johnson
                                                Deputy Clerk